# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILSON THOMAS, | ) | 1:08-cv-01566-AWI-JMD-HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| NEIL H. ADLER, | ) | |
| Respondent. | ) | |
| | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Wilson Thomas ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner was convicted of various narcotics-related offenses in 1999. (Answer, Ex. 2). The sentencing court imposed a sentence of one-hundred eighty months incarceration. (Id.). Petitioner was received into the custody of the Federal Bureau of Prisons (BOP) on April 13, 2001. (Answer, Ex. 3).

Petitioner filed the instant petition for writ of habeas corpus on October 20, 2008. (Doc. 1). Respondent filed an answer to the petition on January 30, 2009. (Doc. 11). Petitioner filed a traverse on February 20, 2009. (Doc. 12).

**Factual History**

The instant petition does not challenge Petitioner's conviction or sentence. Rather, Petitioner contends that the Bureau of Prisons (BOP) is executing Petitioner's sentence in a way that violates

federal law because the BOP refuses to consider Petitioner for twelve-month placement in a halfway house ("RRC").[1] Accordingly, the factual background relevant to Petitioner's claim concerns the BOP's response to Petitioner's request for placement in an RRC.

Petitioner states that the BOP "refuses to assess him...for placement at an [RRC]" but does not allege that he has in fact requested such an assessment. (Pet. at 1). Petitioner references "Attachment A," a document appended to the petition, in support of his allegation that the BOP "refuses" to assess him for placement in an RRC. (Pet. at 2). Attachment A is a letter from Petitioner to a United States District Judge requesting an order directing the BOP to credit toward Petitioner's federal sentence time spent by Petitioner in state custody. (Pet., Attachment A). Attachment A is irrelevant to the claim Petitioner advances in the instant petition.

It appears Petitioner has not requested that the BOP assess him for RRC placement. (*See* Traverse at 4). Petitioner's purported justification for failing to request an RRC assessment is Petitioner's contention that such a request would be futile due to BOP policy. (Id.).

## Discussion

### I. Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) *with*

---

[1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as "CCC's" under BOP regulations. *See, e.g.,Rodriguez v. Smith,* 541 F.3d 1180, 1181 n.1 (9th Cir. 2008). Petitioner employs the acronym CCC throughout the petition.

*Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount of fine payments cognizable under section 2241's execution clause). Accordingly, section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement. *See, e.g., Rodriguez*, 541 F.3d at 1182; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenge to restitution schedule). Federal courts have jurisdiction to entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to section 2241. *See Rodriguez*, 541 F.3d at 1182 (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

Respondent contends that the Court lacks jurisdiction over this matter because the petition does not challenge the fact or duration of Petitioner's confinement; as authority for this proposition, Respondent cites a slew of civil rights cases discussing the intersection between civil rights jurisdiction and habeas jurisdiction. (Answer at 9-11) (citing, *inter alia*, *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991); *Ramirez v. Galaza*, 334 F.3d 850, 856-59 (9th Cir. 2003)). Respondent's contention lacks merit. None of the cases Respondent cites in support of its jurisdictional argument states that a habeas petition must challenge the fact or duration of confinement in order for federal courts to have jurisdiction over the cause;[2] in fact, several of the cases cited by Respondent throughout its brief foreclose Respondent's erroneous contention. *See Rodriguez*, 541 F.3d at 1182 (affirming grant of relief in action challenging BOP's

---

[2] For example, the precise question before the Ninth Circuit in *Ramirez* was whether *Heck v. Humphry*, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement. *Ramirez*, 334 F.3d at 852-53. In *Badea,* the Ninth Circuit held simply that a habeas petition is not a proper vehicle for obtaining money damages, 931 F.3d at 574, and in *Tucker*, the Court held only that when a federal prisoner challenges the fact or duration of his confinement in a civil rights action, the prisoner's complaint must be construed as a habeas petition. 925 F.2d at 331.

refusal to transfer inmate to an RRC);[3] *see also Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (acknowledging appropriateness of habeas actions for cases in which prisoners are "unlawfully confined in the wrong institution") (citing *In re Bonner*, 151 U.S. 242 (1894)).

The Court concludes that jurisdiction over Petitioner's claim pursuant to section 2241 is proper. *See, e.g., Rodriguez,* 541 F.3d at 1182. Petitioner is currently incarcerated at Taft Correctional Institution, which is within the territorial jurisdiction of the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Eastern District is the appropriate venue for Petitioner's action. 28 U.S.C. § 2241(c)(3).

## II. Exhaustion

Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 12-16).[4] Petitioner does not allege that he has ever requested an assessment for placement in an RRC, and Petitioner apparently concedes he has never done so. (*See* Traverse at 4) (raising futility exception in response to Respondent's exhaustion defense).

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his

---

[3] The Court has previously admonished Respondent's counsel for citing *Rodriguez* in support of the Government's jurisdictional argument without acknowledging the fact that the *Rodriguez* Court held implicitly that the section 2241 confers jurisdiction over challenges to BOP transfer decisions. *Hickey v. Adler*, 2009 U.S. Dist. LEXIS 67064*5 n.3 (E.D. Cal. 2009).

[4] Respondent contends that the Prisoner Litigation Reform Act (PLRA) applies to Petitioner's claim. The Court need not decide whether the PLRA applies to the instant petition, as the Court finds that the well-settled exhaustion requirement applicable to habeas corpus petitions under section 2241 provides an adequate basis for dismissing this action. The Court notes that Respondent's position appears untenable, as section 1997e applies only to actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). Despite Respondent's characterization of Petitioner's claim as a challenge to "conditions of confinement," Petitioner's claim is best understood as a challenge to the execution of his sentence. *See Montez*, 208 F.3d at 865 (characterizing petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence). Petitioner challenges the application of BOP regulations to him, not the conditions of his place of incarceration.

administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

Petitioner's conclusory allegation that exhaustion would be futile in his case is insufficient to justify excusing the exhaustion requirement. (Traverse at 4). Petitioner references the BOP's and TCI's "stubborn policy" as a basis for his claim of futility but does not explain how any current BOP or TCI policy would render his administrative remedies futile. (Id.). Respondent correctly notes that pursuant to current BOP policy an inmate may request an assessment for RRC placement at any time. (Answer, Ex. 4). To the extent Petitioner is entitled to relief, the appropriate form of relief would be an order directing the BOP to assess Petitioner for RRC placement consistent with the governing statutes. Petitioner may obtain the same relief this Court could afford by simply requesting consideration for RRC placement, and, in the event his request is denied, by pursuing the administrative remedies set forth in the Code of Federal Regulations. *See* 28 C.F.R. §§ 542 *et seq*. The Court must presume that, if Petitioner pursues his administrative remedies, the BOP will consider his request consistent with its governing statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000) ("Absent a demonstration to the contrary, we presume the Board follows its statutory commands and internal policies in fulfilling its obligations").[5] Because Petitioner has an adequate administrative remedy that has not been exhausted, the Court, in its discretion, finds that the petition should be dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding in federal court. *See Rison*, 895 F.2d at 535.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the Clerk of Court be DIRECTED to enter judgment for Respondent.

///

///

---

[5] In *Garner*, the Supreme Court applied this presumption to a state's parole board*,* citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954), an immigration case, as authority for the presumption. Accordingly, the Court reads *Garner* as stating a general presumption that an agency is presumed to act consistent with its governing regulations.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:　　March 1, 2010**　　　　　　　　　/s/ John M. Dixon
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE