1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| WILSON THOMAS, | ) 1:08-cv-01566-AWI-JMD-HC |
| Petitioner, | ) |
| v. | ) FINDINGS AND RECOMMENDATION<br>) REGARDING PETITION FOR WRIT OF<br>) HABEAS CORPUS |
| NEIL H. ADLER, | ) |
| Respondent. | ) |
| | ) OBJECTIONS DUE WITHIN THIRTY DAYS |

16      Petitioner Wilson Thomas ("Petitioner") is a federal prisoner proceeding *pro se* with a

17 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18                              **Procedural History**

19      Petitioner was convicted of various narcotics-related offenses in 1999. (Answer, Ex. 2). The

20 sentencing court imposed a sentence of one-hundred eighty months incarceration. (Id.). Petitioner

21 was received into the custody of the Federal Bureau of Prisons (BOP) on April 13, 2001. (Answer,

22 Ex. 3).

23      Petitioner filed the instant petition for writ of habeas corpus on October 20, 2008. (Doc. 1).

24 Respondent filed an answer to the petition on January 30, 2009. (Doc. 11). Petitioner filed a

25 traverse on February 20, 2009. (Doc. 12).

26      On March 2, 2010, the Court issued a Findings and Recommendation ("Recommendation")

27 recommending that the petition be dismissed for failure to exhaust administrative remedies. (Doc.

28 15). Petitioner filed objections to the Recommendation on March 9, 2010. (Doc. 16) Petitioner's

objections reveal that, subsequent to Respondent's answer and prior to the Court's Recommendation, Petitioner exhausted his administrative remedies. (Id.).

**Factual History**

Petitioner contends that the Bureau of Prisons (BOP) is executing Petitioner's sentence in a way that violates federal law because the BOP refuses to consider Petitioner for twelve-month placement in a halfway house ("RRC").[1] Accordingly, the factual background relevant to Petitioner's claim concerns the BOP's response to Petitioner's request for placement in an RRC.

Petitioner's objections reveal that Petitioner initiated a request for administrative relief in March 2009. (Objections at 6). In response to Petitioner's request for consideration for placement in an RRC, staff responded by stating "upon review it has been determined that your current designation is appropriate." (Id. at 7).

The record also demonstrates that, subsequent to filing his petition, Petitioner likely underwent a BOP Program Review. (Answer at 9-10, Exs. 4 and 5). Pursuant to BOP policy, a prisoner's request for transfer to an RRC's is considered during his next scheduled Program Review. (Answer, Ex. 4). Thus, it appears that Petitioner has already received *consideration* for placement in an RRC, notwithstanding the fact that he has not received the desired transfer.

**Discussion**

**I.     Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. Section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement. *See Rodriguez v. Smith,* 541 F.3d 1180, 1182; *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments);

---

[1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as "CCC's" under BOP regulations. *See, e.g.,Rodriguez v. Smith,* 541 F.3d 1180, 1181 n.1 (9th Cir. 2008). Petitioner employs the acronym CCC throughout the petition.

*United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenge to restitution schedule). Federal courts have jurisdiction to entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to section 2241. *See Rodriguez,* 541 F.3d at 1189 (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

Petitioner is currently incarcerated at Taft Correctional Institution, which is within the territorial jurisdiction of the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Eastern District is the appropriate venue for Petitioner's action. 28 U.S.C. § 2241(c)(3).

**II.    Mootness**

The Court must consider Article III jurisdiction *sua sponte* and dismiss if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Mootness is jurisdictional. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000). A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Without a live "case or controversy," this Court lacks jurisdiction over this matter.

It appears Petitioner's action is moot. The essence of Petitioner's claim for relief is that BOP policy conflicts with federal law in that a BOP policy promulgated in December 2002 prohibits a prisoner's transfer to an RRC unless the prisoner has served ninety percent of his sentence. (Pet. at 2-3). However, the BOP has eliminated the policy Petitioner complains of, and under current BOP policy, an inmate may be considered for transfer to an RRC at any time. (Answer, Ex. 4).

Pursuant to federal law, federal prisoners undergo periodic "program reviews" at least once every one-hundred-eighty calendar days. 28 C.F.R. § 524.11 (2010). Current BOP policy provides that where an inmate requests consideration for transfer to an RRC, the BOP shall evaluate the prisoner's request during the next program review. (Answer, Ex. 4). Absent a showing to the contrary, the Court must presume that the BOP complies with its own state policies and governing

statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000) ("Absent a demonstration to the contrary, we presume the Board follows its statutory commands and internal policies in fulfilling its obligations").[2] Therefore, the Court presumes that the BOP has complied with the requirement of affording Petitioner a program review, and that Petitioner's request for transfer to an RRC was given due consideration during the program review. (See Objections at 5) (stating that Petitioner had a program review scheduled for May 2009); (Answer, Ex. 4) (stating BOP policy of giving individualized consideration for RRC requests during prisoner's next program review). Petitioner presents no evidence to the contrary, and the allegations initially set forth in the petition are irrelevant now due to the BOP's policy change. The mere fact that the BOP found Petitioner unsuitable for a transfer to an RRC does not provide a basis for habeas relief as long as the BOP gave Petitioner's request individualized consideration in compliance with its current policies. *See, e.g., Smith v. Sanders,* 2009 U.S. Dist. LEXIS 82265*19-20 (C.D. Cal. 2009) (citing *Superintendent v. Hill*, 472 U.S. 445, 457 (1985) for the proposition that BOP's exercise of discretion may not be disturbed if "some evidence" supports decision); *see also Rodriguez,* 541 F.3d at 1189 (basis for habeas grant was BOP's failure to *consider* prisoner for transfer, not substantive decision to deny RRC placement).

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the Clerk of Court be DIRECTED to enter judgment for Respondent. This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within

---

[2] In *Garner*, the Supreme Court applied this presumption to a state's parole board*,* citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954), an immigration case, as authority for the presumption. Accordingly, the Court reads *Garner* as stating a general presumption that an agency is presumed to act consistent with its governing regulations.

1    ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will

2    then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are

3    advised that failure to file objections within the specified time may waive the right to appeal the

4    District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5    IT IS SO ORDERED.

6    **Dated:     March 15, 2010**               /s/ John M. Dixon
                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28